IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSÉ TRINIDAD-JORGE,**<br><br>Petitioner<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | CIVIL NO. 18-1382(PG)<br>Related Crim. No. 16-282[11](PG) |

### OPINION AND ORDER

Before the court is petitioner Jose Trinidad-Jorge's ("Petitioner" or "Trinidad-Jorge") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket No. 1), the government's opposition thereto (Docket No. 18), and Petitioner's reply (Docket No. 25). For the reasons set forth below, the motion to vacate is **DENIED**.

### I.   BACKGROUND

On May 9, 2016, a grand jury returned a multicount indictment charging Petitioner and forty-nine others of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) (Count One or "the RICO count")[1] and of conspiracy to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 (Count Two). Per the indictment, Trinidad-Jorge was a member of a criminal organization known as La Asociación Pro-Derechos y Rehabilitación del Confinado or La Asociación ÑETA[2] ("La Asociación ÑETA" or the "enterprise"). See *Indictment,* Case No. 16-cr-282, Docket No. 3. More than that, the indictment tags Trinidad-Jorge as a member of "El Liderato Máximo" (or the "Maximum

---

[1]Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*
[2]This enterprise is known as "Puerto Rico's most notorious prison gang ... . The ÑETA Association's main objective is to strike it rich, and to that end, members and associates have been long engaged in drug trafficking, murder for hire and other illegal activities." United States v. Rivera-Calcano, No. CR 16-282-6 (PG), 2017 WL 3738465, at *1 (D.P.R. Aug. 29, 2017).

Leadership"), and thus, a top-leader of the organization. See id. at pages 9-10. These high-ranking members had a number of responsibilities, such as: (1) purchasing and overseeing the distribution of large quantities of drugs within the Puerto Rico prisons; (2) controlling the income generated by the gang's illicit acts, and; (3) authorizing and ordering the murders of other inmates as means to intimidate, protect, advance and even discipline. Id. The RICO and drug conspiracies were ongoing and began on a date unknown, not later than in or about the year 2005, and continued up until the return of the indictment. Id. at pages 13, 20.

Trinidad-Jorge signed a plea agreement with the government in which he agreed to plead guilty to Count One. See *Plea Agreement,* Case No. 16-cr-282, Docket No. 1015. The parties agreed to a total offense level of 32 but did not stipulate a criminal history category for the Petitioner. See id. at p. 4. The Plea Agreement also stated that Trinidad-Jorge could face a maximum sentence of up to life in prison and that the court had the authority to impose any sentence within the statutory maximum regardless of the agreement's recommendations. See id. at pages 2-3.

The amended Presentence Investigation Report ("PSR"), filed on October 23, 2017, deemed the total offense level to be 33 and established a criminal history category of VI for Trinidad-Jorge. See *Amended PSR,* Case No. 16-cr-282, Docket No. 1455. No formal objections to the PSR were filed by Petitioner. However, on December 15, 2017, he filed a sentencing memorandum complaining that his criminal history was "overrepresented," among other claims. See Case No. 16-cr-282, Docket No. 1602.

At the sentencing hearing held on December 18, 2017, the court adopted a total offense level of 32 in accordance with the plea agreement, and a criminal history category of VI. Hence, the guideline range was 210 to 262 months. See *Transcript of Sentencing Hearing*, Case No. 16-cr-282, Docket No. 2307 at page 20. The court sentenced Petitioner to the lower

end of this range, that is, to 210 months of imprisonment to be served concurrently with any other sentence he was then serving at the state level. See id. at 24.

Consistent with the terms of his plea agreement, Petitioner did not appeal. Nevertheless, on June 18, 2018, Petitioner filed the pending motion under 28 U.S.C. §2255 requesting that this court vacate his sentence. He grounds his request on a claim that he received inefficient assistance of counsel. See Docket No. 1. He sustains that his counsel was ineffective for: (1) misadvising him as to his criminal history category and (2) failing to object to errors in the PSR. See Docket No. 1 at 4.

## II.   STANDARD OF REVIEW

According to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack … ." 28 U.S.C. § 2255 (a); Hill v. United States 368 U.S. 424, (1962); Barreto-Barreto v. United States, 551 F.3d 95, 98 (1st Cir. 2008); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

## III.   DISCUSSION

### A. *Ineffective Assistance of Counsel Claims*

The Sixth Amendment guarantees that in all criminal prosecutions, the accused have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that "the right to counsel means the right to effective legal assistance." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970). Counsel can deprive a defendant of the right to effective assistance by failing to render "adequate legal assistance." Strickland, 466 U.S. at 686 (quoting Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). Where, as here, a petitioner moves to vacate his sentence on ineffective

assistance of counsel grounds, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Id.

"In order to succeed on an ineffective assistance claim, a '[petitioner] must show both that counsel's performance was deficient and that it prejudiced his defense.'" Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019) (citing Janosky v. St. Amand, 594 F.3d 39, 45 (1st Cir. 2010)). "To show that his counsel's performance was constitutionally deficient, [petitioner] must demonstrate that counsel's performance was objectively unreasonable under prevailing professional norms." Walker v. Medeiros, 911 F.3d 629, 633 (1st Cir. 2018) (quotation marks omitted) (citing United States v. Mercedes-De La Cruz, 787 F.3d 61, 67 (1st Cir. 2015)). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

Petitioner must also show that he was prejudiced by counsel's "constitutionally deficient" representation. As to the prejudice prong, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different … ." Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018) (citing Strickland, 466 U.S. at 688). In the present context, "[t]o satisfy the prejudice requirement, the [petitioner] must show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.'" United States v. Miller, 911 F.3d 638, 641 (1st Cir. 2018) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

As discussed, a petitioner must demonstrate both incompetence and prejudice. "This two-pronged inquiry has equal relevance with respect to ineffective assistance claims in both

tried cases and cases resolved by guilty pleas." <u>Miller</u>, 911 F.3d at 641 (citing <u>Hill</u>, 474 U.S. at 58). "A [petitioner's] failure to satisfy one prong of the <u>Strickland</u> analysis obviates the need for a court to consider the remaining prong." <u>Tevlin v. Spencer</u>, 621 F.3d 59, 66 (1st Cir. 2010) (citing <u>Strickland</u>, 466 U.S. at 697). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." <u>Strickland</u>, 466 U.S. at 679.

Against this backdrop, the court will address Petitioner's claims in turn.

### 1. *Inaccurate Sentence Prediction*

Trinidad-Jorge claims that he was deprived of his Sixth amendment right to effective assistance of counsel because his attorney allegedly misadvised him regarding his criminal history category. <u>See</u> Docket No. 1 at p. 4. Specifically, Petitioner contends that he signed the plea agreement because his attorney told him that he would be sentenced as a criminal history category II. However, the court categorized Trinidad-Jorge as a criminal history category VI and sentenced him as such. <u>See</u> Case No. 16-cr-282, Docket No. 1643. In response, the government argues that Petitioner's claims are unavailing because he fails to show prejudice and because the record shows that he was cognizant of his potential exposure when he signed his plea agreement. <u>See</u> Docket No. 18. The court agrees with the government.

"[T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments." <u>McMann v. Richardson</u>, 397 U.S. 759, 769 (1970). "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." <u>Id.</u> at 770. Hence, the Supreme Court has "long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 373 (2010).

The Supreme Court has also stressed "the particular importance of the finality of guilty pleas, which usually rest, after all, on a defendant's profession of guilt in open court, and are indispensable in the operation of the modern criminal justice system." United States v. Dominguez Benitez, 542 U.S. 74, 82–83 (2004) (citing United States v. Timmreck, 441 U.S. 780, 784 (1979)). That is, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporary evidence to substantiate a defendant's expressed preferences." Caramadre v. United States, No. CR 11-186-WES, 2018 WL 5257621, at *3 (D.R.I. Oct. 22, 2018) (citing Lee v. United States, 137 S. Ct. 1958, 1967 (2017)). "The question does not focus on the whims of the defendant, but instead depends on whether 'a reasonable defendant standing in the petitioner's shoes would likely have altered his decision to plead guilty' in these circumstances." Arif v. United States, No. 19-CV-586-LM, 2020 WL 788882, at *3 (D.N.H. Feb. 18, 2020) (citing Ferrara v. United States, 456 F.3d 278, 294 (1st Cir. 2006)).

Here, Petitioner's argument fails for more than one reason. First, Trinidad-Jorge fails to provide any evidence to support his account that his attorney allegedly "tricked" him into believing that he would be sentenced as a criminal history category II. The court need not credit Petitioner's bald assertions about his attorney's assurances. See Dure v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001) ("The defendant has the burden of identifying the specific acts or omissions that constitute the allegedly deficient performance and presenting facts supporting his claim. Conclusory allegations or factual assertions that are unsupported, fanciful or contradicted by the record, are insufficient.") (citing Lema v. United States, 987 F.2d 48, 51–52 (1st Cir.1993)).

Second, even if his counsel miscalculated his criminal history category, "an inaccurate prediction about sentencing will generally not alone be sufficient to sustain a claim of

ineffective assistance of counsel." Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1994). See also Perkins v. United States, No. 16-CV-288-LM, 2017 WL 627393, at *3 (D.N.H. Feb. 14, 2017) ("Perkins was aware that trial counsel's sentencing-range estimate was only a non-binding prediction. Courts have made clear that inaccurately predicting a defendant's guideline range cannot serve as the basis for an ineffective-assistance-of-counsel claim."); Santana–Zapata v. United States, No. 15–cv–016–LM, 2015 WL 6875118, at *4 (D.N.H. Oct. 28, 2015) (same); Moreno-Espada v. United States, 666 F.3d 60, 65 (1st Cir. 2012) (counsel's failure to properly calculate defendant's sentence exposure, by itself, does not amount to prejudice under the second prong of Strickland); United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), ("An attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test.") *rev'd on other grounds*, 520 U.S. 751 (1997); Calabrese v. United States, 507 F.2d 259, 260 (1st Cir.1974) (voluntariness of plea not subject to attack under § 2255 where sentence exceeded that predicted by counsel); United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999) ("[A]n attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim."); United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."); United States v. Turner, 881 F.2d 684, 687 (9th Cir. 1989) (inaccurate prediction of guideline range does not constitute ineffective assistance); United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) (same); United States v. Brent, No. 3:05–CR–0120–P(1), 2011 WL 2633781, at *3 n.3 (N.D. Tex. July 5, 2011) ("Courts have long recognized that estimating a guideline range is not an exact science and that defense counsel is not deficient for making a prediction that turns out to be different from the sentence recommended by Probation."). Therefore, Trinidad-Jorge's claims that his

counsel inaccurately predicted his criminal history category does not constitute deficient performance under the Strickland ineffective assistance test.

What is more, the record belies Petitioner's assertion. The evidence on the criminal docket, which includes the plea agreement and the transcript from the change of plea hearing, contradicts Petitioner. For starters, the plea agreement Trinidad-Jorge signed stated that the penalty for the charge for which he agreed to plead guilty could be "a term of imprisonment of not more than life." See Case No. 16-cr-282, Docket No. 1015 at page 2. The document also included language to the effect that the court had the authority "to impose any sentence within the statutory maximum" and that it was not bound by the terms of the agreement. See id. at page 3. Furthermore, the agreement did not contain stipulations as to Petitioner's criminal history category. Instead, the document stated that it would be determined by the court. See id. at page 4. Upon signing then, he was fully aware of his potential sentence and exposure when he decided to plead guilty.

Moreover, Trinidad-Jorge's claim that counsel misled him into signing rings hollow considering his responses during the change of plea hearing. During this proceeding, Trinidad-Jorge stated in open court that he had had enough time to consult with his attorney and was satisfied with his services until then. See Case No. 16-cr-282, Docket No. 2306 at page 4. Petitioner also affirmed that his attorney had explained what the maximum possible penalty was, to wit, "a term of imprisonment of not more than life, a fine of not more than $250,000, a term of supervised release of not more than five years, and a $100 special monetary assessment." Id. at page 9. In relevant part, Trinidad-Jorge also assured the court that no one had told him or promised him a specific sentence that the court would impose. Id. at 10. The court also explained that since the plea agreement contained no stipulations as to his criminal history category, the higher the category he ultimately fell in, the higher the sentencing guideline would be. Id. at 13. Finally, the court forewarned Petitioner, and he

understood, that it had "authority and discretion to impose any sentence that could go up as high as life imprisonment," id. at pages 11-12, and that he could not withdraw his plea just because the sentence was higher than the one Petitioner was expecting, id. at page 12.

In sum, the binding plea agreement and the plea colloquy both demonstrate that Trinidad-Jorge understood he could face up to life imprisonment and that such a determination was up to the court. Any calculations on the part of his attorney with regards to his potential sentence were a ballpark guesstimate, at best. Therefore, the court concludes that Petitioner has not adequately demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to 210 months of imprisonment, which is obviously less than life.

Now, when Petitioner asserts that he suffered prejudice because he was tricked into signing, he can only overcome "Strickland's high bar"[3] if he can demonstrate that "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial… ." United States v. Luis Rivera-Cruz, 878 F.3d 404, 410 (1st Cir. 2017) (citing Hill, 474 U.S. at 57). "[T]hat probability must be substantial, not just conceivable, …, or, stated differently, a probability sufficient to undermine confidence in the outcome." Williams v. United States, 858 F.3d 708, 715–16 (1st Cir. 2017) (citations and quotation marks omitted). But Petitioner's motion falls short of the mark.

As previously set forth, Petitioner signed a plea agreement with an accompanying statement of facts, and he initialed every page. See Case No. 16-cr-282, Docket No. 1015. Additionally, during the change of plea hearing, Petitioner confirmed to the court that he adopted and agreed with the statement of facts incorporated into the plea agreement, that

---

[3] "Surmounting Strickland's high bar is never an easy task … ." Lee, 137 S. Ct. at 1967 (citing Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).

these facts were "true and accurate in every respect, and if this case had gone to trial with those facts, the Government could have proven [him] guilty beyond a reasonable doubt." See Case No. 16-cr-282, Docket No. 2306 at pages 16-17. What is more, Trinidad-Jorge stated to the court that he was "pleading guilty freely and voluntarily" because he was indeed guilty. Id. at page 17.

The court finds Petitioner's statements at the plea hearing sufficiently conclusive to contradict the grounds he asserts to justify a collateral attack. "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) (citing Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)). Petitioner's admission of factual guilt in open court "is entitled to significant (albeit not dispositive) weight when, as now, he seeks to vacate that plea through a collateral attack." Wilkins v. United States, 754 F.3d 24, 30 (1st Cir. 2014). "And such an admission is especially compelling because the petitioner neither attempts to explain it away nor makes any assertion of factual innocence." Id.

Moreover, the record is devoid of any plausible defense Trinidad-Jorge could have raised at trial. On the one hand, Petitioner does not dispute the underlying facts of the count he plead guilty. On the other hand, his motion simply lacks any developed argument that were it not for his counsel's ill advice, he would have insisted on going to trial and was better off doing so. "A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." Lee, 137 S. Ct. at 1966. Lacking a viable defense, Petitioner would have likely been convicted. Hence, Petitioner is unable to show prejudice under the Strickland test. His request thus fails.

For the foregoing reasons, this court finds that the Petitioner's claim that he received ineffective assistance of counsel claim because defense counsel misadvised him as to the length of his sentence and misled him into signing a plea agreement lacks merit and must be **DENIED**.

### *2. Failure to Object to PSR*

In his motion and reply, Trinidad-Jorge insists that his counsel failed to object to errors in the PSR, which led to a higher sentence. See Docket No. 1 at 4. He criticized his attorney's performance during sentencing claiming he failed to: (1) object to the fact that his criminal history category calculation erroneously included a conviction from 1989, (2) note to the court that his 2005 and 1994 sentence were the same, and (3) argue that the rest of his previous sentences are too old to count. Id. But once again, the record contradicts this allegation.

First, the PSR only mentions an arrest in 1989, not a conviction. See *PSR*, Case No. 16-cr-282, Docket No. 1455 at page 34. He was sentenced for the offense that led to that arrest in 1994, which is within the 15-year window[4] of the commencement of the RICO conspiracy on or about the year 2005. See *Indictment*, Case No. 16-cr-282, Docket No. 3-1 at page 13. To be sure, under the Guidelines' rules, any sentence imposed after 1990 will count towards the criminal history category calculation. A review of the PSR reflects that the earliest sentence used to calculate the Petitioner's criminal history points was imposed on November 12, 1992. See *PSR*, Case No. 16-cr-282, Docket No. 1455 at page 36. So, every sentence used to determine Trinidad-Jorge's category fell within the allowed time frame.

Second, his argument that his attorney failed to note that his 1994 and 2005 sentences were the same, suggesting that his prior crimes were overrepresented in the PSR, is also unavailing. The sentence for that underlying offense was grouped with several other sentences

---

[4] See U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.").

imposed for other offenses because they all stemmed from the same arrest in 1993.[5] Even assuming *arguendo* that Petitioner is correct, he would have received the same amount of points and his score would be unchanged. In other words, this sentence was not double-counted. Hence, no prejudice ensued.

Third, the criminal docket shows that Petitioner's attorney did in fact argue that this criminal history category calculation included crimes that were "very old,"[6] among other complaints. After the U.S. Probation filed the PSR in October 23, 2017, defense counsel filed a sentencing memorandum some days before the sentencing hearing on December 15, 2017.[7] Therein, counsel moved the court to make some corrections to the PSR, complained that his client's criminal history was overstated and argued in favor of a lower sentence. See Case No. 16-cr-282, Docket No. 1602. Counsel suggested that a sentence of about 135 to 168 months[8] would "be sufficient and not greater than necessary to comply with the purposes set up by Congress in the imposition of a sentence." Id. at pages 1, 5. The transcript of the sentencing hearing also reflects that Petitioner's counsel reiterated that the way Trinidad-Jorge's criminal record was established was "overstated," particularly because it included offenses that were from very long ago. See Case No. 16-cr-282, Docket No. 2307 at pages 6-7. Nevertheless, the court rejected these arguments and established a guideline range based on a criminal history category of VI, to wit, 210 to 262 months. Id. at page 14, 20. The court then sentenced Petitioner to the lower end of that range. Id. at page 16.

The record thus reflects that Petitioner's attorney did not fail to object to the PSR and his performance did not fall below the objective standard of reasonableness. Counsel raised

---

[5] See *PSR*, Case No. 16-cr-282, Docket No. 1455 at page 37.
[6] See *Transcript of Sentencing Hearing*, Case No. 16-cr-282, Docket No. 2307 at page 7.
[7] The court would be remiss not to note that Hurricane Maria hit Puerto Rico in September of 2017, leaving the whole Island without power for an extended period of time. The lack of electricity and access to Petitioner's criminal docket is an extraordinary circumstance that may justify defense counsel's delay.
[8] This sentence would have been in line with the Guidelines sentencing range for a total offense level of 32 combined with a category of II. See USSG § Ch. 5 Pt. A.

the relevant issues prior to Trinidad-Jorge's sentencing in a sentencing memorandum, and again, argued the objections to the PSR before the court at the sentencing hearing. "The fact that counsel was not successful in his challenge does not render his assistance ineffective." United States v. Tola, No. CR 09-083-ML, 2012 WL 1981852, at *4 (D.R.I. June 1, 2012) (citing Peralta v. United States, 597 F.3d 74, 79 (1st Cir.2009) ("The Constitution guarantees only an "effective defense, not necessarily a perfect defense or a successful defense."); Strickland, 466 U.S. at 699 ("So long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful."); Myles v. Dahlberg, 937 F.2d 609 (Table) (C.A.6 1991) ("Just because a lawyer loses on a point does not mean that the lawyer was 'ineffective' for constitutional purposes."); Campusano v. United States, 2004 WL 1824112 at *4 (S.D.N.Y.Aug.13, 2004) ("The fact that an attorney lost a particular argument cannot be used as a barometer of overall poor performance.")).

Finally, the court must make clear that "[Petitioner's] Criminal History Category [VI] is a result of his own prior illicit activities not of an ineffective assistance of counsel. This is not the case of a first time offender but that of an individual who is quite familiar with the legal system due to his colorful past." Rivera-Ruiz v. United States, No. CIV. 08-1609 PG, 2012 WL 1004307, at *3 (D.P.R. Mar. 23, 2012). Hence, Trinidad-Jorge's claims of ineffective assistance of counsel relating to his sentencing are meritless and contrary to the record. Therefore, they are **DENIED**.

The court has dispensed all claims relating to ineffective assistance of counsel. Based on the above analysis, Trinidad-Jorge's challenges fall short of the mark. His request for habeas relief on all grounds is thus **DENIED**.

Case 3:18-cv-01382-PG   Document 27   Filed 05/26/20   Page 14 of 14

Civil No. 18-1382(PG)                                                                                                         Page 14

## IV.     CONCLUSION

For the reasons previously explained, the court finds that Trinidad-Jorge's claims lack merit. Accordingly, his petition under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V.     CERTIFICATE OF APPEALABILITY

It is ordered that no certificate of appealability shall be issued if the Petitioner files a notice of appeal. There is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 26, 2020.

                                                                S/ JUAN M. PÉREZ-GIMÉNEZ
                                                                **JUAN M. PEREZ-GIMENEZ**
                                                                **SENIOR U.S. DISTRICT JUDGE**